# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR F. VASQUEZ,<br><br>         Plaintiff,<br><br>   v.<br><br>TATE, et al.,<br><br>         Defendants. | Case No.  1:10-cv-01876-JLT (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED PLEADINGS**<br><br>**(Docs. 32)** |

Plaintiff, Arthur F. Vasquez, is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's claims in the Second Amended Complaint against: (1) Dr. Scott for inadequate medical care in violation of the Eighth Amendment; (2) Dr. Grimm for inadequate medical care in violation of the Eighth Amendment; (3) Dr. Grimm for failure to treat an immediate medical need in violation of Cal. Gov't Code § 845.6; and (4) against Dr. Joaquin, Dr. Scott, Dr. Grimm, Pharmacist Atarod, Nurse Lapham, Nurse Bautista, and Nurse Andreola on his state law claims for medical malpractice.  (*See* Docs. 14, 15, 16.)

On January 2, 2014, Plaintiff filed a document entitled "Plaintiff's Amended Pleadings Pursuant to the Honorable Court's Order of Nov. 14, 2013."  (Doc. 29.)  On January 13, 2014, Defendants Andreola, Atarod, Bautista, A. Joaquin, and Lapham filed a motion to strike Plaintiff's Amended Pleading.  (Doc. 32.)  Plaintiff has not filed any opposition.  The motion is deemed submitted.  L.R. 230(l).

1   In their motion, Defendants seek to strike Plaintiff's Amended Pleadings under the Federal
2   Rules of Civil Procedure, Rule[1] 12(f) as violating Rule 15(a) and Local Rule 220.  (Doc. 32.)
3   Rule 15(a)(2) provides that a party who has already amended its pleading once, "may amend its
4   pleading only with the opposing party's written consent or the court's leave."

5   "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
6   requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)
7   (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the
8   amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
9   delay in the litigation; or (4) is futile." *Id.*

10   Further, while the Court is mindful of the liberality of Rule 15(a) and the leniency
11   accorded pro se litigants, the Court may properly deny leave to amend both if the proposed
12   amendments are futile, *e.g.*, *Woods v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012);
13   *Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011); *Carrico v. City and County of San*
14   *Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011), and where the party seeking amendment knew or
15   should have known of the facts upon which the proposed amendment is based but failed to
16   include them in the original complaint, *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir.
17   1988) (citation and internal quotation marks omitted).  Finally, the "court's discretion to deny
18   leave to amend is particularly broad where the court has already given the plaintiff an opportunity
19   to amend his complaint." *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*,
20   792 F.2d 1432, 1438 (9th Cir. 1986).

21   This case is proceeding on Plaintiff's cognizable claims in the Second Amended
22   Complaint upon which Plaintiff chose to proceed rather than attempt further amendment.  (*See*
23   Docs. 11-16.)  Plaintiff's Amended Pleadings appears to be nothing more than a
24   reworking/rephrasing of Plaintiff's known, cognizable claims against the Defendants in this action
25   such that allowing Plaintiff's Amended Pleading to stand would serve no purpose in this
26   litigation.  Thus, allowing Plaintiff's Amended Pleading to stand would be futile at best and is not

---

[1] All references are to the Federal Rules of Civil Procedure unless otherwise indicated.

1  required under Rule 15(a).

2  It is also true that an amended complaint supercedes the original complaint, *Lacey v.*

3  *Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in

4  itself without reference to the prior or superceded pleading," Local Rule 220.  As Defendants

5  correctly point out, Plaintiff's Amended Pleadings violate Local Rule 220 as it is clearly intended

6  to replace the latter portions of the Second Amended Complaint, beginning with paragraph 113.

7  Though Plaintiff did not file an opposition to Defendants' motion to strike, the title on

8  Plaintiff's Amended Pleadings makes it appear that Plaintiff filed it under the mistaken belief that

9  he was required or allowed to do so unilaterally by the discovery and scheduling order.  (Doc.

10  21.)  However, attempts to amend pleadings under a discovery and scheduling order must still

11  comply with the Federal Rules of Civil Procedure (i.e. Rule 15) and with the Local Rules (i.e.

12  Local Rule 220).  Plaintiffs Amended Pleadings comply with neither Rule 15, nor Local Rule

13  220.

14  Accordingly, it is HEREBY ORDERED that Defendants' motion to strike Plaintiff's

15  amended pleading, filed January 13, 2014 (Doc. 32), is GRANTED and Plaintiff's Amended

16  Pleading (Doc. 29) is STRICKEN from the record.

17  
18  IT IS SO ORDERED.

19  Dated:   **April 17, 2014**                      **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE