1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR F. VASQUEZ, | **Case No.  1:10-cv-01876-JLT (PC)** |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR AN ORDER TO GRANT PLU STATUS** |
| v. | **(Doc. 38)** |
| TATE, et al., | |
| Defendants. | |

Plaintiff, Arthur F. Vasquez, is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's cognizable claims in the Second Amended Complaint against: (1) Dr. Scott for inadequate medical care in violation of the Eighth Amendment; (2) Dr. Grimm for inadequate medical care in violation of the Eighth Amendment; (3) Dr. Grimm for failure to treat an immediate medical need in violation of Cal. Gov't Code § 845.6; and (4) against Dr. Joaquin, Dr. Scott, Dr. Grimm, Pharmacist Atarod, Nurse Lapham, Nurse Bautista, and Nurse Andreola on his unenumerated claims of medical malpractice.  (*See* Docs. 11-16.)

On February 13, 2014, Plaintiff filed a request for an order requesting Plaintiff have PLU status for legal library access.  (Doc. 38.)  Defendants filed a response.  (Doc. 39.)  The motion is deemed submitted, L.R. 230(l), and construed as a motion for preliminary injunctive relief.

Plaintiff is advised that federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, it have before it an actual case or controversy.  <u>City of</u>

Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

Here, Plaintiff seeks an order giving him priority user status because he claims this is necessary so he can research "what facts may be necessary to state a cause of action." (Doc. 38 at 1)  Notably, however, the Court has found already that he *has stated a claim*.  (Doc. 16)  Moreover, there is no showing that any of the defendants to this action have any authority over the timing and frequency of Plaintiff's visits to the law library and they affirmatively deny that they do.  (Doc. 39 at 2)  Thus, it appears Plaintiff is requesting this Court order a person who is not a party to this case to take certain action.  However, the Court has authority only over those before it and there is no current case or controversy with this unidentified third party. Thus, the mere pendency of *this* action provides no basis upon which to provide Plaintiff the relief he seeks. Id.

Accordingly, Plaintiff's motion for PLU status, February 13, 2014 (Doc. 38), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **April 17, 2014**                              **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE