# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR F. VASQUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TATE, et al.,<br><br>　　　　　Defendants. | Case No.  **1:10-cv-01876-JLT (PC)**<br><br>**ORDER GRANTING REQUEST FOR ENTRY OF DEFAULT**<br><br>**(Doc. 45)** |

　　　　Plaintiff, Arthur F. Vasquez, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 14, 2014, Plaintiff filed a motion requesting an entry of a "judgment by default" against Defendant Dr. Scott. (Doc. 45.)  The Court received an executed proof of service from the United States Marshal's Office indicating that Defendant Dr. Scott had been personally served on May 7, 2014.  (Doc. 44.)  Since then, Defendant Dr. Scott has not filed a responsive pleading.

　　　　Pursuant to Federal Rule of Civil Procedure 55(a), default may be entered against a party that fails to plead or otherwise defend within the time set forth in the Federal Rules.  Accordingly, Plaintiff's request for entry of default will be granted.  However, this entry of default may be set aside for good cause pursuant to Rule 55(c).

　　　　Plaintiff also requests the entry of default judgment against Defendant Dr. Scott.  An entry of default and an entry of default judgment are two separate issues. An entry of default judgment is made under Rule 55(b).  Rule 55(b)(1) states:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Plaintiff's claim is not for a "sum certain." Plaintiff's request for default judgment does not specify the sum that he desires to have awarded pursuant to Rule 55(b)(1) and it is unclear what sum Plaintiff seeks for damages in this action.[1] Thus, Rule 55(b)(1) is not the proper vehicle for an entry of default judgment in Plaintiff's case.

    Plaintiff's damages are not damages that can be made certain by simple computation. Plaintiff must present evidence that demonstrates an appropriate amount of damages. If Plaintiff wishes to make a future request for entry of default judgment, Rule 55(b)(2) is more properly applied and provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals -- preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

    Plaintiff's request for entry of default judgment is properly denied. Plaintiff may make a request for entry of default judgment pursuant to Rule 55(b)(2) in a separate motion. Any request for damages must include some sort of accounting or evidence that demonstrates that Plaintiff made a good faith effort to compute his damages. Plaintiff's bare request for entry of "a judgment by default" is insufficient.

    Accordingly, it is HEREBY ORDERED that:

    1.    Plaintiff's request for entry of default against Defendant Dr. Scott is GRANTED;

---

[1] Plaintiff's prayer for relief requests "compensatory damages in the amount of $50,000.00 or more against each Defendant, jointly and severally [and] punitive damages in the amount (to be determined) against each Defendant." (Doc. 11, p. 26.)

2. The Clerk of the Court shall enter default against Defendant Dr. Scott; and

3. Plaintiff's request for entry of default judgment is DENIED.

IT IS SO ORDERED.

Dated:   **August 25, 2014**                              **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE